UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>ADRIAN JEMISON,<br><br>   Defendant | Case No.: 14-CR-389-2 YGR<br><br>**PRETRIAL ORDER NO. 1 AT CONCLUSION OF PRETRIAL CONFERENCE AND ORDERS ON MOTIONS IN LIMINE** |

On January 23, 2015, the Court held a previously scheduled Pretrial Conference in the above referenced matter. Aaron D. Wegner and Katie Burroughs Medearis appeared on behalf of the United States of America. Defendant Adrian Jemison appeared with counsel of record Anthony Lowenstein and Brian Getz. Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, for the reasons stated on the record and good cause shown, the Court enters and confirms the following orders for trial set for February 2, 2015:

### I.   GENERAL TRIAL ORDERS

1. **Witnesses:** The parties are limited to calling the witnesses now identified in filings and disclosures as set forth by the government in Docket No. 65 and by the defense in Docket No. 58. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will be allowed only by Court order. The defendant has not identified himself as a potential witness and need not until immediately preceding the resting of the defense. The Court understands that the government is still awaiting a DNA report from a potential defense witness and will allow a rebuttal expert if necessary.

2. **Exhibits and Exhibit Lists:** The parties shall file updated Exhibit lists no later than the next trial readiness conference scheduled for January 28, 2014 at 9:30 a.m.

3. **Jury Selection:** The Court conducts a comprehensive voir dire and incorporates many of the additional topics requested. The Court will allow twenty (20) minutes to conduct follow up voir dire. In addition:

    *a.* The Court shall read the Joint Statement of the Case (Dkt. No. 60) to the petit jury panel.

    b. By Tuesday, January 27, 2015 the parties shall provide the Court with a list of all potential witnesses to be read to the petit jury panel and organized alphabetically.

4. **Jurors and Peremptory Challenges:** The Court will seat a total of twelve (12) jurors and one alternate. Pursuant to Rule 24 Criminal Rules of Civil Procedure, because the offense charged is punishable by imprisonment for more than one year, the government is allocated six (6) peremptory challenges and the defendant is allocated ten (10) peremptory challenges. Accordingly, peremptory challenges shall be exercised in the following sequence:

- Prosecution First
- *Defense First and Second*
- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth*
- Prosecution Sixth
- *Defense Tenth*

In addition, each party shall be allocated one additional peremptory challenge for the one alternate juror empanelled. The additional peremptory challenges may be used against an alternate juror only. The initial set of peremptory challenges may not be used for the alternate juror.

*Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

5. **Witnesses at Trial:** A party presenting evidence shall give the other party twenty-four (24) hours written notice of the witnesses to be called. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

6. **Objections:** There shall be no "speaking objections," and no response unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a response requested, "Not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

7. **Procedural Stipulations:** Attachment A is a list of proposed Procedural Stipulations. To the extent agreed upon, the parties shall sign and file said document by Tuesday, January 27, 2015.

8. **Interpreters:** If a witness requires an interpreter, counsel are advised to carefully review and be prepared to satisfy the Court that the interpreter is offered in compliance with 28 U.S.C. §§ 1827 - 1828, Fed. R. Evid. 604, Fed. R. Crim. Pro. 28, and all Local Rules. The parties have advised that no such interpreters are required.

9.  **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

10. **Trial Decorum and Procedure:**  Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.

11. **Failure to Comply:**  Failure to comply with the obligations set forth in this order may result in sanctions appropriate to the gravity of the failure.

12. **Further Pretrial Conference:**  The Court shall hold a further pre-trial conference on Wednesday, January 28, 2014 at 9:30 a.m. to the extent necessary.  If there are no outstanding issues, the parties may *jointly* request that it be vacated.

## II.  ORDERS RE MOTIONS IN LIMINE

1. The Government's Motion No. 1 regarding compliance with General Order 69 is **DENIED** as moot. (Dkt. No. 72.)

2. The Government's Motion No. 2 regarding an "alternate definition of reasonable doubt" is **DENIED** without prejudice to making a specific objection at trial that a party has misrepresented the law during argument. (Dkt. No. 72.)  However, no party shall argue the legal standards which exist in other countries, including without limitation Scotland. The same shall apply to the Defense cross motion. (Dkt. 55.)

3. The Government Motion To Admit Evidence under Rule 404(b) (Dkt. No. 75) is **DENIED IN PART** and Defendant's Cross Motion Nos. 2 and 3 to Exclude the same (Dkt. No. 54) is **GRANTED IN PART**:

4

These motions concern two events:  First, in March 2012, Jemison was pulled over while driving his vehicle, a 2008 Chevy Malibu and officers found a loaded handgun during a vehicle search.  Jemison was arrested and convicted of California Penal Code § 12021 - Prohibited Purchase of Firearm (felony).

Second, in August 2010, Jemison was arrested after trying to cash an alleged stolen check. Upon a vehicle search of the same Malibu, officers found two loaded pistols.  Jemison was arrested and convicted of Making a Fictitious Check (misdemeanor) and Carrying a Loaded Firearm in Public (misdemeanor).

In its briefing, the Government seeks to admit this evidence under Federal Rule of Evidence 404(b) to show Jemison's knowledge and absence of mistake or accident during the charged offense, namely, that Jemison had repeatedly claimed possession over the Malibu and ownership of its contents, that he used it regularly, and that he had a connection to the registered owner of the vehicle. (Gov't MIL 4.)  At argument, the Government argued further that the evidence would additionally show that Jemison had knowledge that gun sales occurred on the street, as opposed to occurring in a licensed gun shop, and that he had control and dominion over the entire vehicle, including the trunk, which is where the firearm at issue in the instance case was held.

Rule 404(b) prohibits the admission of evidence of "other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The rule reflects the "underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.  Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." *United States v. Bradley,* 5 F.3d 1317, 1320 (9th Cir. 1993) (internal quotation marks and citations omitted).  The Rule nonetheless permits the admission of such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident...." Fed. R. Evid. 404(b). *See United States v. Hearst,* 563 F.2d 1331, 1337 n. 3 (9th Cir. 1977) ("The Rule embodies an inclusionary rule which admits all evidence of other crimes relevant to an issue in a trial, except that which tends to prove *only* criminal disposition." (internal citation and quotations omitted)).

5

In making admissibility decisions, the court will admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.  *United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir.1994); *United States v. Garcia–Orozco,* 997 F.2d 1302, 1304 (9th Cir. 1993); *United States v. Bibo–Rodriguez,* 922 F.2d 1398, 1400 (9th Cir. 1991).

Regardless of whether the court finds the above elements satisfied and the evidence therefore admissible under Rule 404(b), the Court must nonetheless apply the Rule 403 balancing test to determine if the probative value of these incidents is substantially outweighed by any prejudicial impact.  *United States v. Ramirez-Robles*, 386 F.3d 1234, 1243 (9th Cir. 2004).  Where the probative value is slight, moderate prejudice is unacceptable.  *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992).

The Court considers each applicable step of the 404(b) admissibility analysis in turn.[1]  First, the evidence sought to be admitted tends to prove a material point:  that Jemison had regular possession and control over the Malibu.  However, that point is captured comprehensively by Jemison's stipulation.  Specifically, Jemison stipulates that he had regular possession and control of the vehicle.  Thus, although the evidence tends to prove a material point, the point has already been conclusively made and the Court weighs the stipulated concession as part of the analysis.

The Court finds that the second and third prongs are met.  The charged offense occurred in November 2013; these two prior acts occurred within three years of that offense.  Additionally, the Court finds sufficient evidence that the previous acts occurred and that defendant committed them.

Nonetheless, the Court finds that the evidence shall not be admitted under Rule 403.  The Court must balance the probative value of Jemison's 2010 and 2012 acts against their prejudicial effect. In light of the fact that Jemison has stipulated to his regular use, possession, and control of the Malibu, which was the basis for the Government's motion and its stated purpose in seeking to have such evidence included (*see* Gov't MIL at 4), the Court finds that the evidence of Jemison's 2010 and

---

[1] As the Government does not seek to introduce evidence of a prior crime to show issues of knowledge and intent, but rather to show his command and use over the Malibu, the fourth step in the above analysis is not relevant. (Gov't MIL at 6.)

2012 acts has extremely limited probative value. In contrast, the fact that Jemison's prior acts both involved loaded firearms, promises to be more than moderately prejudicial. Thus, an application of Rule 403 tips sharply against the Government, and the evidence shall be excluded.

The Government's additional arguments at the hearing as to the probative value of this evidence – namely, that it shows Jemison knew that gun sales occurred on the street, as opposed to in a licensed gun shop, and that he had control and dominion over the entire vehicle, which he could exercise with a key fob to open the trunk – do not overcome the prejudicial weight of this evidence. As an initial matter, the evidence has limited probative value regarding Jemison's knowledge of the situs of illegal gun sales; a reasonable juror would likely find that Jemison knew that such sales occurred on the street absent this evidence based simply on common sense. So, too, would a reasonable juror likely find that the fact that Jemison stipulated to control and possession of the vehicle necessarily means that he controlled the mechanism for opening the trunk and could store valuable belongings in the trunk. Should Jemison challenge these basic propositions, the Court will reconsider the motion.

4. The Government Motion Re Prior Firearm Sale as "Inextricably Intertwined" (or alternatively as 404(b) evidence) is **DENIED IN PART** (Dkt. No. 68) and Defendant's Cross Motion No. 1 to Exclude the same is **GRANTED IN PART** (DKT. NO. 54):

The Government argues that because the October 31, 2014 firearm evidence is "inextricably intertwined" and intrinsic to the charged offense, it should be admitted pursuant to Federal Rule of Evidence 402. (Dkt. No. 68 ("Gov't MIL re Oct. 2014") at 4-5.)

Evidence is considered "inextricably intertwined" (i.e. intrinsic) if it meets at least one of two tests:

> (1) it constitutes a part of the transaction that serves as a basis for the criminal charge; or
> (2) it helps the prosecutor offer a coherent and comprehensible story regarding the commission of the crime.

7

*United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). The Government argues that second test applies here. Alternatively, the Government argues that under Rule 404(b), the evidence is admissible as evidence of a prior act. (Dkt. 68, fn. 4.) For support that the conduct here amounts to a "series of related criminal conduct," the Government cites *United States v. Soliman*, 813 F.2d 277 (9th Cir. 1987).

The Court is not persuaded. Here, although the uncharged firearm sale bears similarity to the charged act, the Court finds that it does not "fit into a *series* of related criminal conduct," contrary to the Government's contention. (Gov't MIL re Oct. 2014 at 4.) In *Soliman*, the "series" of transactions at issue comprised 102 fraudulent insurance claims and resulted in multiple related charges. *See id.*, 813 F.2d at 278-79. Here, in contrast, there are simply two events, which bear little resemblance to the sort of scheme or series presented in *Soliman*.

With respect to the Rule 404(b) proffer, the Court finds as follows: On the one hand, the Court agrees that the October 31, 2014 firearm sale evidence tends to prove a material point of the Government's case and occurred close in time to the charged act. It also supports the point that the defendant was present with co-defendant Newberry and was driving the Malibu at issue here. There, as here, the Court acknowledges that Newberry sold a firearm, again, at issue here.

On the other hand, Rule 403 requires that the probative value of evidence be measured against its potentially prejudicial effect. Here, the Court notes that the proffered evidence has limited probative value on the issue of whether Jemison actually knew that the October 31, 2014 transaction involved a firearm. The firearm at issue there was a small, easily concealed pistol-like gun. The gun was in a box; the box was in the trunk of the car. Jemison was driving, and did not exit the vehicle to see the contents of the trunk. Co-defendant Newberry went to the trunk alone, removed the box, walked with the box to the undercover officer's vehicle, and entered the officer's vehicle. There is no

direct evidence that Jemison ever saw the gun or touched the gun. At most, he saw a box. In contrast, the fact of a gun involved in this uncharged act carries a high risk of prejudice. Although the evidence has probative, inferential value, that value cannot overcome the risk of prejudice and confusion to the jury if the fact of the pistol's existence is presented at trial.

Accordingly, the Court finds that the probative value of this evidence is somewhat limited, but the prejudicial effect is high. In order to balance the competing interests, the use of the October 31, 2014 evidence shall be limited to the following: the Government may present evidence that the undercover agent arranged to meet with Newberry for purposes of a transaction and the events that unfolded during the transaction (that Jemison was driving the Malibu, Newberry was the passenger, exited the vehicle, retrieved a box from the trunk, and took the box inside the agent's car, etc.), but no evidence that the substance of the transaction concerned a firearm, or that a firearm was the transferred item, shall be admitted.

5. Defense Motion to Exclude the Telephone Toll Records is **DENIED** (DKT. NO. 56).

6. Defense Motion re Jury Verdict Form is **GRANTED** (DKT. NO. 57).

This Order terminates Docket Nos. 54, 55, 56, 57, 68, 72 and 75.

**IT IS SO ORDERED.**

**DATE: JANUARY 26, 2015**

HON. YVONNE GONZALEZ ROGERS
United States District Judge

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 14-CR-389-2 YGR |
| vs. | **PROCEDURAL STIPULATIONS** <br> (**Attachment A to Pretrial Order**) |
| ADRIAN JEMISON, | |
| Defendant | |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

  U.S. Attorney _____  For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

  U.S. Attorney _____  For the Defendant _____

It is stipulated that both Counsel and Defendant need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

  U.S. Attorney _____  For the Defendant _____

1  It is stipulated that, during jury deliberations, the jury may recess without further admonition and
2  without assembling in the jury box, and that they may resume their deliberations upon the Courtroom
3  Deputy's determination that all jurors are present.

4      U.S. Attorney _____        For the Defendant _____

6  In the absence if the trial judge, any judge of this court may receive the verdict.
7      U.S. Attorney _____        For the Defendant _____

9  (Name) _____        (Name) _____

11  _____        _____
12      Signature (Attorney for the U.S.)           Signature (Defense Attorney)

United States District Court
Northern District of California

11