United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>ADRIAN JEMISON,<br>    Defendant. | Case No. 14-cr-00389- WHO<br><br>**ORDER REGARDING CHARACTER EVIDENCE AND RULE 609 EVIDENCE**<br>Re: Dkt. Nos. 90, 105, and 107 |

The parties have disputed the appropriate scope of character evidence in this case. Defendant Jemison urges that character evidence of his reputation for gullibility will allow the jury to make an inferential leap that he lacked knowing possession of the firearm in this case. At the moment, at least, I am aware of no evidence to suggest that Mr. Jemison was misled unknowingly by someone into doing the acts involved in this case. Therefore, whether Mr. Jemison is gullible, which means "easily duped or cheated," *Merriam-Webster's Ninth New Collegiate Dictionary* 542 (9th ed. 1988), is not relevant to whether he knowingly possessed the firearm. If evidence is admitted during trial that suggests that gullibility is an issue in this case, such as that he was told that the firearm was not a firearm, then Court will reconsider this ruling after the government completes its case.

The defendant previously provided an outline of the questions and answers that he expected to ask one of the character witnesses. I understand that those prospective questions and answers are now withdrawn. Whether the defendant is a "good person" is irrelevant to whether he committed the crime in question, and character evidence of his honesty or good reputation in the community, if allowed, would open the door to a probing cross-examination that includes questions about past convictions that have been ruled inadmissible as being more prejudicial than probative. Negative character evidence regarding Mr. Newberry is also inadmissible – Mr. Newberry is not a witness in this matter.

The parties have agreed on the appropriate scope of cross-examination concerning the defendant's prior criminal convictions if he testifies at trial in accordance with Federal Rule of Evidence 609. The government will limit its cross-examination to the name of the offense, date of conviction, and the sentence. It does not intend to impeach the defendant with his prior firearm related felony conviction but will do so if Mr. Jemison gives any misleading testimony that opens the door to impeachment.

**IT IS SO ORDERED**.

Dated: February 23, 2015



WILLIAM H. ORRICK
United States District Judge